

**FILED**
**Aug 13, 2025**
**02:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MARTHA MCCOOL,** | ) | **Docket No.: 2022-08-0687** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PROFESSIONAL CARE SERVICES,** | ) | **State File No.: 99553-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CAS. INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Insurer.** | ) | |

_____

### COMPENSATION ORDER DENYING ATTORNEY'S FEES
_____

Ms. McCool filed a petition asking that the Court furnish a second opinion regarding surgery recommended by the authorized treating physician. She also asked for attorney's fees for Professional Care Services' failure to furnish that opinion.

The Court ordered the second opinion and determined Ms. McCool was entitled to attorney's fees. The Court instructed Ms. McCool to file a motion for those fees, and she did. However, Professional Care Services appealed the compensation order before responding to the motion. Thus, the Appeals Board vacated the attorney's fees award and remanded for additional findings considering the current unreasonable denial standard in Tennessee Code Annotated section 50-6-226(d)(1)(B) (2024).

After allowing both parties to supplement their filings, the Court holds Ms. McCool is not entitled to attorney's fees.

Section 50-6-226(d)(1) provides:

[T]he court of workers' compensation claims may award reasonable attorneys' fees . . . incurred when the employer:

(A) Fails to furnish appropriate medical . . . treatment or care . . . to an employee provided for in a[n] . . . expedited hearing order, compensation hearing order, or judgment under this chapter; or

(B) Unreasonably . . . fails to timely initiate any of the benefits to which the employee or dependent is entitled under this chapter, including medical benefits under § 50-6-204, . . . if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing.

Ms. McCool states in her brief that she *only* seeks an award of attorney's fees under subsection (A) of the statute. She contends that she is entitled to attorney's fees because she was entitled to a second opinion under law and Professional Care Services failed to provide it.

Professional Care Services, on the other hand, argues that Ms. McCool is not entitled to attorney's fees under subsection (A) because a second opinion is not "treatment" as contemplated in section 226 but merely an evaluation.

The Court agrees with Professional Care Services. A second opinion does not constitute treatment, but is merely that, an opinion. Though the Court ordered another opinion, that does not transform the opinion into treatment. Thus, an opinion does not fall within the contemplated "treatment or care" in subsection 226(d)(1)(A) that would allow attorney's fees for failing to provide it.

While Ms. McCool did not seek attorney's fees under subsection (B), the Appeals Board directed that the Court address Ms. McCool's entitlement to fees under that subsection. The Court holds Ms. McCool would not be entitled to them.

Effective April 13, 2023, the standard for fees under subsection (B) was changed from a "wrongful" denial to an "unreasonable" denial. The Appeals Board has not offered guidance on the definition of "unreasonable" in this context since the statutory change. Dictionaries define "unreasonable" as: "Not guided by reason; irrational or capricious," *Black's Law Dictionary* 1537 (7th ed. 1999); "Not governed by or acting according to reason; not conformable to reason: absurd; exceeding the bounds of reason or moderation," *Merriam-Webster Dictionary,* https://www.merriam-webster.com/dictionary/unreasonable (last visited August 12, 2025).

Professional Care Services argues that fees under subsection (B) would be improper because its denial of a second opinion was not "unreasonable." Rather, the decision to deny the second opinion was based on a reasonable interpretation of Tennessee authority, including section 204(a)(3)(C).

Although the Court disagreed with Professional Care Services' interpretation and awarded a second opinion, Professional Care Services' actions did not amount to "irrational

or capricious," or "absurd" conduct under accepted dictionary definitions and was not unreasonable.

Therefore, the Court holds that Ms. McCool is not entitled to attorney's fees under either statutory subsection.

**IT IS ORDERED.**

**ENTERED August 13, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on August 13, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Jonathan May, Employee's Attorney | X | jmay@forthepeople.com jvavak@forthepeople.com |
| Brayden Hunter, Gregory Fuller, Employer's Attorneys | X | brhunter@mijs.com ghfuller@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*